**Guy MERCURIO, Plaintiff,**

v.

**The CITY OF NEW YORK, Robert Mahoney, Albert Cronk, Robert Simile, James Bergen, Martin McGorty, "John" Lowery, (said first name being fictitious), "John" Carty (said first name being fictitious) and "John Doe" (said name being fictitious), Defendants.**

**No. 80 C 2500.**

United States District Court,
E.D. New York.

Sept. 6, 1984.

---

Frederick A.O. Schwarz, Jr., Corp. Counsel of City of N.Y., New York City (Albert Fredericks, New York City, of counsel), for defendant City of New York.

Peter C. Wilson, New York City, for defendant James Berger.

Joseph Fallek, Brooklyn, N.Y., for defendant Frank Carty.

Richard Hartman, Little Neck, N.Y. (Paul S. Brenner, Little Neck, N.Y., of counsel), for defendant Albert Cronk.

Lysaght, Lysaght & Kramer, Mineola, N.Y. (James J. Lysaght, Mineola, N.Y., of counsel), for defendant Robert Mahoney.

Agulnick & Gogel, New York City (Barry W. Agulnick, New York City, of counsel), for defendant Martin McGorty.

Rappaport & Frost, New York City (Gary L. Berenholtz, New York City, of counsel), for defendant Robert Simile.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

This case is before the court on motions by the individual defendants for reimbursement from defendant the City of New York (the City) of their costs, including attorneys' fees, in the defense of the action.

Plaintiff claimed, pursuant to 42 U.S.C. § 1983 and New York common law, that while he was incarcerated at the City Police Department's Queens Central Booking facility on March 17, 1980 defendants Bergen, Cronk, Mahoney, McGorty, and Simile, then New York City police officers, beat him without justification. Plaintiff alleged further that defendant Carty, then a Sergeant in the City Police Department, failed to halt the beating, that the individual defendants did not provide him with proper medical care, and that the City was liable to plaintiff for inadequately training and supervising them and for failing to provide proper equipment to them.

At trial the City did not dispute plaintiff's account of the incident. The court dismissed all claims against McGorty at the close of the plaintiff's case. At the end of the entire case the jury returned a verdict for all remaining defendants on all counts.

The City Corporation Counsel had refused from the outset to represent the individual defendants other than Carty because Police Department disciplinary charges for their acts were pending against them. On

April 26, 1982 the Police Commissioner approved stipulations disposing of those charges and providing, among other things, that the disposition did not constitute an adjudication of the officers' guilt or innocence. Subsequently the Corporation Counsel, which had represented Carty, took the position that he had acted improperly and moved to be relieved as counsel because of the conflict of interest. Judge Platt granted the motion, and Carty retained private counsel.

The individual defendants pleaded cross-claims against the City for indemnity and for payment of their expenses. The court treats the present applications as motions for summary judgment on the cross-claims.

The individual defendants' rights, if any, to representation and reimbursement arise under state law. Because there is no diversity of citizenship between the City and any of the individual defendants, this court's jurisdiction over the cross-claims is ancillary. The court determines in its discretion that the policies of judicial economy, convenience, and fairness to litigants justify retention of jurisdiction over the ancillary claims after the disposition of the federal civil rights claim. *See Stamford Bd. of Educ. v. Stamford Educ. Ass'n*, 697 F.2d 70 (2d Cir.1982).

The only statutory authority for the provision by the City of a defense to civil actions against City employees is Section 50–k of the New York General Municipal Law. Section 50–k(2) provides that, upon compliance with certain procedural requirements not in issue here, the City "shall provide for the defense of an employee" in an action

arising out of any alleged act or omission which the corporation counsel finds occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred.

Section 50–k(5) provides that when the act or omission upon which the court's proceeding is based is also the basis of a disciplinary proceeding by the employee's agency against the employee,

representation by the corporation counsel and indemnification by the city may be withheld (a) until such disciplinary proceeding has been resolved and (b) unless the resolution of the disciplinary proceeding exonerated the employee as to such act or omission.

The City argues that its refusal to represent the individual defendants was mandated by the quoted provisions because the disciplinary proceedings did not exonerate any defendant and in any event the Corporation Counsel found that the individual defendants violated applicable rules and regulations. The City says that the exclusive means to challenge the Corporation Counsel's determination was a proceeding pursuant to Article 78 of the N.Y.C.P.L.R., and that defendants forfeited that remedy by failing to bring such a proceeding within four months of notice of the adverse determinations. N.Y.C.P.L.R. § 217.

While Section 50–k(2) speaks of the City's duty to "provide for the defense," it seems clear, particularly from Section 50–k(5), that the entire section authorizes representation only by the Corporation Counsel and "does not provide for representation of City employees by private attorneys at City expense where there is a conflict of interest between the City and the employee." 1981 Report of the Law Revision Commission, 1981 McKinney's Session Laws of New York, Vol. 2, p. 2318; *accord, Accardi v. City of New York*, No. 28842/82 (Sup.Ct.N.Y.Co.) (decided June 16, 1983), p. 5. In this respect the language of Section 50–k is quite unlike that of the analogous statute concerning state employees. N.Y. Pub. Officers Law § 17(2)(b). It is therefore unnecessary for the court to decide whether the Corporation Counsel's determinations were correct or whether the individual defendants have waived their rights to challenge those determinations.

The individual defendants would, of course, have had to retain private counsel because of the conflict of interest that

arose from the naming of the City as a defendant, *see Dunton v. County of Suffolk,* 729 F.2d 903, 907 (2d Cir.1984). Their right to reimbursement for these expenses arises, if at all, under the common law of New York, and Section 50–k preserves such a right where it exists:

The provisions of this section shall not be construed in any way to impair, alter, limit, modify, or abrogate or restrict ... any right to defense and/or indemnification provided for any governmental officer or employee by, in accordance with, or by reason of, any other provision of state, federal or local law or common law.

N.Y.Gen.Mun.Law § 50–k(9).

The individual defendants contend that at common law an agent may obtain from his principal reimbursement of attorneys' fees expended in defending a lawsuit brought for acts done in good faith within the scope of his employment. The City disputes this, relying on *Corning v. Village of Laurel Hollow,* 48 N.Y.2d 348, 422 N.Y.S.2d 932, 398 N.E.2d 537 (1979). In that case several former high-ranking village officials, who were defendants in a federal civil rights action, were initially represented by the Nassau County Attorney but later relieved that counsel and retained a private firm. After dismissal of the federal action the officials instituted an action seeking reimbursement from the village of that firm's legal fees, costs and disbursements.

The New York Court of Appeals stated that generally, "in the absence of extraordinary circumstances not present here, a municipality may not be compelled to compensate for services rendered by an attorney unless his retainer is specifically authorized by statute or other appropriate resolution of the governing body." *Id.* at 351, 422 N.Y.S.2d 932, 398 N.E.2d 537 (citations omitted). The court characterized the officials' argument that they were entitled to reimbursement as agents of the village as "some obscure common-law right to reimbursement based upon a novel theory of agency." The court in addition found the theory inapplicable because the plaintiffs were policy-making officials and thus principals not agents. *Id.* at 353, 422 N.Y.S.2d 932, 398 N.E.2d 537.

The court held that reimbursement "would run afoul of the constitutional prohibition against gifts of public funds to assist a purely private purpose." *Id., citing* N.Y. Const., art. VIII, § 1. The court concluded that: "A municipality, and by extension the public, is under no obligation to reimburse its officers for legal expenses incurred in defense of allegations of misconduct in office." *Id.* at 354, 422 N.Y.S.2d 932, 398 N.E.2d 537.

This court deems the *Corning* decision controlling. The individual defendants seek to distinguish it as one in which the municipality was not named as a defendant and in which the officials spurned representation by the public attorney, retaining instead a costly firm. But the addition of the municipality as a defendant does not create a common law duty to represent an employee where none existed before.

The individual defendants also point out that the *Corning* decision leaves undisturbed the principle that

Notwithstanding lack of specific statutory authority, a municipal board or officer possesses implied authority to employ counsel in the good faith prosecution or defense of an action undertaken in the public interest, and in conjunction with its or his official duties where the municipal attorney refused to act, or was incapable of, or was disqualified from, acting.

*Cahn v. Town of Huntington,* 29 N.Y.2d 451, 328 N.Y.S.2d 672, 676, 278 N.E.2d 908, 909 (1972) (citations omitted). However, that case involved a town planning board's retention of private counsel in a suit brought by the town board to resolve a dispute concerning the two bodies' spheres of authority. The planning board was forced to retain private counsel because the Town Attorney was representing its adversary. The individual defendants cite no authority applying the holding of the *Cahn* case to a case involving defense of charges of official misconduct. *Caruso v. New York City Police Dep't Pension Funds,*

122 Misc.2d 576, 470 N.Y.S.2d 963 (Sup.Ct. N.Y.Co.1983) is inapposite because it did not involve allegations of misconduct and because the trustees who there retained private counsel were in any event entitled under the common law of trusts to reimbursement for legal fees incurred in discharge of their duties.

■ Defendant Carty contends that the City, having represented him for almost two years, was estopped from abandoning financial responsibility for his defense in 1982. But there is no suggestion of Carty's detrimental reliance other than the statement in his brief that he relied on the Corporation Counsel's advice in adopting a position at his deposition which he could not later renounce without endangering his case. But he obtained a jury verdict. He was therefore not prejudiced by the Corporation Counsel's legal advice.

Treating the individual defendants' motions as motions for summary judgment on their cross-claims against defendant City of New York, the court denies the motions. The cross-claims are insufficient as a matter of law and are dismissed. So ordered.