OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
While off duty on July 25, 1980, petitioner, a New York City Correction Officer, was approached by two men who allegedly pointed a sawed-off shotgun at him and his female companion. In response, he drew and fired his revolver, wounding Paul Kinard, one of the assailants. Petitioner subsequently arrested Kinard and charged him with menacing and criminal possession of a weapon. The jury acquitted Kinard of these charges and he then commenced a civil action in Federal District Court seeking recovery of damages for the shooting incident against petitioner, the Correction Department and the city. Petitioner requested that the Corporation Counsel represent him in the Federal action, but he refused based on his determination that petitioner was not acting within the scope of his employment as a correction officer at the time and place of the incident.
Petitioner then commenced the instant article 78 proceeding seeking a judgment directing the city to furnish him with counsel in the Federal action or, alternatively, to pay his legal expenses. Special Term dismissed the petition, holding that the determination of the Corporation Counsel denying the requested counsel was not arbitrary or capricious and the Appellate Division affirmed.
*802 The issue of whether petitioner’s acts were committed within the scope of his public employment and the discharge ¡of his duties raises factual questions (see, Riviello v Waldron, 47 NY2d 297, 303). Whether he was so acting and thus was entitled to representation by the Corporation Counsel and indemnification by the city are to be determined in the first instance by the Corporation Counsel (see, General Municipal Law § 50-k [2]) and his determination may be set aside only if it lacks a factual basis, and in that sense, is arbitrary and capricious. The Corporation Counsel’s determination here that petitioner was not acting within the scope of his employment and in the discharge of his duties cannot be characterized as unreasonable in light of Kinard’s acquittal of the criminal charges.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons and Kaye concur; Judge Alexander taking no part.
Order affirmed, with costs, in a memorandum.