**Guy MERCURIO, Plaintiff,**

v.

**The CITY OF NEW YORK, Robert Mahoney, Albert Cronk, Robert Simile, James Bergen, Martin McGorty, "John" Lowery (said first name being fictitious), "John" Carty (said first name being fictitious), and "John Doe" (said name being fictitious), Defendants,**

**The City of New York, Defendant-Appellee,**

**Robert Mahoney, Albert Cronk, Robert Simile, James Bergen, Martin McGorty and "John" Carty (said first name being fictitious, (Frank Carty)), Defendants-Appellants.**

**No. 732, Docket 84–7820.**

United States Court of Appeals, Second Circuit.

Argued Feb. 7, 1985.

Decided March 29, 1985.

James S. Lysaght, Mineola, N.Y. (Lysaght, Lysaght & Kramer, Mineola, N.Y., of counsel), for defendant-appellant Robert Mahoney.

Paul S. Brenner, Little Neck, N.Y. (Law Offices of Richard Hartman, Little Neck, N.Y., of counsel), for defendant-appellant Albert Cronk.

Gary L. Berenholtz, New York City (Rappaport & Frost, New York City, of counsel), for defendant-appellant Robert Simile.

Peter C. Wilson, New York City, for defendant-appellant James Bergen.

Joseph Fallek, Brooklyn, N.Y., for defendant-appellant Frank Carty.

· Ellen B. Fishman, New York City (Stephen J. McGrath, Frederick A.O. Schwartz, Jr., Corp. Counsel, New York City, of counsel), for defendant-appellee the City of New York.

Before LUMBARD, MANSFIELD and PIERCE, Circuit Judges.

PER CURIAM:

This appeal is from the denial of a motion by six individual defendants, all of whom are former or current members of the New York City Police Department ("NYCPD"), for reimbursement from their co-defendant, the City of New York ("City") of costs and attorneys' fees incurred by them in defending themselves in the underlying civil rights action against them and the City. The complaint, which sought relief under 42 U.S.C. § 1983 and New York common law, was filed on September 12, 1980. It alleged that on March 17, 1980, five of the individual defendants assaulted plaintiff Mercurio while he was in police custody and that the sixth, Sergeant Carty, was responsible as supervisor and failed to halt the assault.

Following the March 17, 1980 incident Mercurio filed an administrative complaint with the NYCPD. Its Civilian Complaint Review Board ("CCRB"), which is responsible for investigating complaints of police misconduct, investigated the incident and on August 8, 1980, concluded that plaintiff's complaint was "substantiated." It then preferred formal charges and specifications against the five officers alleged to have assaulted Mercurio and referred the matter to the Police Department Advocate's Office for prosecution of the five on departmental charges.

In the meantime, on July 25, 1980, a Queens County grand jury returned indictments charging five of the officers (not

including Carty) with assault upon Mercurio and unlawful imprisonment of him.

Both the criminal proceedings and the present civil rights action were dismissed as against Officer McGorty at the close of the state's and the plaintiff's proof, respectively. The juries in both actions, presented with the cases against the remaining defendants, returned verdicts in the defendants' favor. These were final resolutions of the criminal and civil rights actions against the officers, but left the departmental charges as yet unresolved.

The departmental charges, which had been stayed pending the outcome of the criminal cases against the officers, thereafter were settled by stipulations, with four of the five individual defendants who were alleged to have assaulted Mercurio agreeing to retire immediately in return for the charges being dropped. Officer Bergen, the fifth, was permitted to continue to serve, on condition that, if any additional charges were filed against him in the following year, he would be tried on all charges, including those arising out of the case involving Mercurio. Sergeant Carty resigned shortly after the criminal and departmental proceedings were commenced against the other officers.

All the individual defendants applied to the New York City Corporation Counsel for legal representation in the underlying action. The Corporation Counsel may represent individual defendants in such matters, if he determines that no violation of any rule or regulation of the employing city agency has occurred, or if no agency disciplinary proceedings have been commenced against the employee, or if disciplinary proceedings resulted in the exoneration of the employee. N.Y.Gen.Mun.Law § 50–k(2), (5) (McKinney Supp.1984).[1] A further limit on his power to represent such individual defendants is the potential conflict of interest arising if both the City and the individuals are named as defendants in an action; if such a conflict exists, as where the City maintains misconduct has occurred and the employee claims no misconduct was involved, the Corporation Counsel, whose primary function is to represent the City, cannot represent the individuals. *See* N.Y. Jud.Law (app.) Code of Prof.Resp. EC 5–15, DR 5–105 (McKinney 1975 & Supp. 1984). Such a conflict would exist, for example, if the City were to defend on the ground that it had properly trained and supervised its officers and had disciplined them for violating City rules, or if the City were to allege that its employees were not acting within the scope of their employment. Herein, the Corporation Counsel determined not to represent the officers alleged to have assaulted Mercurio, because departmental charges had been brought against them. Sergeant Carty, a defend-

---

1. Section 50–k(2) provides:

   At the request of the employee and upon compliance by the employee with the provisions of subdivision four of this section, the city shall provide for the defense of an employee of any agency in any civil action or proceeding in any state or federal court including actions under sections nineteen hundred eighty-one through nineteen hundred eighty-eight of title forty-two of the United States code arising out of any alleged act or omission which the corporation counsel finds occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred. This duty to provide for a defense shall not arise where such civil action or proceeding is brought by or on behalf of the city or state or an agency of either.
   Section 50–k(5) provides:

   In the event that the act or omission upon which the court proceeding against the employee is based was or is also the basis of a disciplinary proceeding by the employee's agency against the employee, representation by the corporation counsel and indemnification by the city may be withheld (a) until such disciplinary proceeding has been resolved and (b) unless the resolution of the disciplinary proceeding exonerated the employee as to such act or omission.
   The question whether an act was done in violation of an agency rule, or was within the employee's scope of employment, is a factual determination made in the first instance by the Corporation Counsel, whose determinations may be set aside only if they are not supported by the evidence or are in some other sense "arbitrary and capricious." *Williams v. City of New York,* 64 N.Y.2d 800, 802, 486 N.Y.S.2d 918, 476 N.E.2d 317 (N.Y.Ct.App.1985).

ant only in the civil action, was initially represented by the Corporation Counsel, who determined that no misconduct on Carty's part had taken place and therefore that no conflict of interest existed at that time.

Since the Corporation Counsel had declined to represent them, the defendants other than Carty retained their own counsel. They, however, filed a cross-claim in the civil action seeking recovery of costs and attorney's fees from their co-defendant, the City.

Although the jury rendered verdicts for the defendants on the underlying claims, the departmental charges were settled by stipulation, which did not constitute an "exoneration" of the officers. The Corporation Counsel thereafter determined that Carty, too, had acted improperly. This was within the Counsel's discretion; see *supra* n. 1. Carty denied any wrongdoing; a conflict of interest with his co-defendant, the City, existed on this question. The Corporation Counsel therefore withdrew as Carty's counsel. Carty then retained private counsel for the purpose of defending the civil rights action.

The jury's verdict for the defendants still left the court faced with the individual defendants' cross-claims for fees against the City. Since the right of the individual defendants to representation or indemnification from the City arose under state law, the district judge determined that these cross-claims were governed by New York law. In his discretion, he retained jurisdiction over them. He thereafter ruled that the statutory basis for such claims against the City, section 50–k of the New York General Municipal Law, did not provide a basis for payment herein because, *inter alia*, section 50–k "authorizes representation only by the Corporation Counsel and 'does not provide for representation of City employees by private attorneys at City expense where there is a conflict of interest between the City and the employee.'" *Mercurio v. City of New York*, 592 F.Supp. 1243, 1245 (E.D.N.Y. 1984) (quoting New York Law Revision Comm'n, *Recommendation of the Law Re-*vision Comm'n to the 1981 Legislature, reprinted in [1981] 2 N.Y.Laws 2315, 2318). Accordingly, the court found no statutory basis for recovery of attorney fees by the individual defendants from the City. We agree.

■ Section 50–k preserves any common-law right to reimbursement of attorney fees that existed before its enactment. N.Y.Gen.Mun.Law § 50–k(9) (McKinney Supp.1984). Such rights in New York are quite limited, however. On the basis of *Corning v. Village of Laurel Hollow*, 48 N.Y.2d 348, 422 N.Y.S.2d 932, 398 N.E.2d 537 (1979), the district judge properly held that in the absence of extraordinary circumstances a municipality cannot be compelled to compensate for services rendered by an attorney unless the retainer was specifically authorized by statute or other appropriate resolution. *Id.* at 351, 422 N.Y.S.2d at 934, 398 N.E.2d at 539. Such reimbursement would run afoul of the state constitutional prohibition against gifts of public funds to assist a purely private purpose. *Id.; see* N.Y. Const. art. VIII, § 1; *cf. Young v. Koch*, N.Y.L.J., Feb. 21, 1985, at 7, col. 2, 7, col. 5 (N.Y. Sup.Ct. Feb. 20, 1985) (were § 50–k applicable to the case before the court, New York City would not be responsible to indemnify its police officer co-defendants for attorney's fees).

■ Finally, the district court correctly held that the estoppel argument advanced by Sergeant Carty, based on the earlier representation of him by the Corporation Counsel, was without merit because of the absence of any showing that the cessation of representation by the Corporation Counsel prejudiced Carty, who prevailed in the underlying action.

We agree with the reasoning of Judge Nickerson, as briefly outlined above, and affirm substantially on the basis of his able opinion.

Affirmed.