John W. HARRIS, Plaintiff,

v.

C.O. Robert RIVERA, Salvatore Minutella and William Mays, Employees of the Department of Correction, Defendants.

Salvatore MINUTELLA, Third–Party Plaintiff,

v.

The CITY OF NEW YORK, New York City Department of Correction, and Anthony J. Schembri, as Commissioner of New York City Department of Correction, Third–Party Defendants.

No. 91 Civ. 6352 (SAS).

United States District Court, S.D. New York.

Dec. 1, 1995.

Pamela H. Schwager, Tellerman, Paticoff & Greenberg, New York City, for Defendants/Third–Party Plaintiffs Rivera and Minutella.

Paul Aronson, Assistant Corporation Counsel, Office of the Corporation Counsel,

City of New York, New York City, for Third–Party Defendants.

Harriet B. Rosen, New York City, for Plaintiff and John W. Harris, Stormville, New York, Plaintiff Pro Se.

## OPINION AND ORDER

SCHEINDLIN, District Judge:

Third-party defendants The City of New York, New York City Department of Correction, and Anthony Schembri, as Commissioner of the New York City Department of Correction, move for an order pursuant to Fed.R.Civ.P. 12(b), 12(c), 21, and 56. They seek the dismissal of third-party plaintiff Salvatore Minutella's claim for indemnification. In the alternative, they seek a severance of the indemnification claim. For the following reasons each of these motions is denied.

## BACKGROUND

Plaintiff John W. Harris commenced this action pursuant to 42 U.S.C. § 1983 against former New York City Department of Correction ("DOC") Officer Timothy Butler. Harris alleges that Butler and other correction officers assaulted him in violation of his constitutional rights. Harris subsequently filed an amended complaint naming Officers Salvatore Minutella, William Mays and Robert Rivera as additional defendants.

Based upon an investigation conducted by the DOC, and upon the outcome of proceedings by the Office of Administrative Trials and Hearings on December 3, 1992, the City declined to represent any of the individual correction officers. The Administrative Law Judge's Report and Recommendation to the Commissioner of the DOC stated that Butler used impermissible force against Harris, filed a false report and made false statements. The Report also found that Officers Minutella and Mays both failed to accurately report the use of force, filed false reports and made false statements. The ALJ recommended that Officer Butler be terminated and Officers Minutella and Mays be suspended for twenty days without pay. *See* Report and Recommendation, annexed as Ex. C to Third–Party Defendant's Notice of Motion to Dismiss and/or Summary Judgment.

Defendant Minutella, seeking indemnification, attorney's fees and damages, impleaded the City of New York, DOC, and former DOC Commissioner Anthony J. Schembri. Minutella subsequently dropped his claim for attorney's fees.

## DISCUSSION

### I. *Indemnification Claim*

The City offers two grounds for dismissal of Minutella's claim for indemnification. First, the City argues that this Court has no jurisdiction over the claim because the state has exclusive jurisdiction with respect to indemnification claims against public officials. Second, the City argues that the indemnification claim must be dismissed as a matter of law because no such claim exists unless and until plaintiff obtains a judgment against the defendant in the underlying action.

### A. *Jurisdiction Over the Claim for Indemnification*

#### 1. *State's Jurisdiction is Not Exclusive*

■ New York General Municipal Law ("GML") § 50–k requires the City of New York to represent an employee in any proceeding which arises from the following:

> any act or omission which the corporation counsel finds occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged damages were sustained.

The Corporation Counsel of the City of New York makes the initial determination as to whether the employee's conduct was covered by GML § 50–k. *Williams v. City of New York,* 64 N.Y.2d 800, 802, 486 N.Y.S.2d 918, 476 N.E.2d 317 (1985). Pursuant to GML §§ 50–k(2) and 50–k(5), the Corporation Counsel may decide not to represent an employee if he finds that the employee violated any rules or regulations of the employing agency, or that disciplinary complaints are pending against the employee arising out of the incident that forms the basis of the lawsuit.

■ The Corporation Counsel's decision may be challenged under Article 78 of the

New York Civil Practice Law and Rules. *See* CPLR § 7803(3); *Williams,* 64 N.Y.2d at 801, 486 N.Y.S.2d 918, 476 N.E.2d 317; *Blood v. Board of Education of the City of New York,* 121 A.D.2d 128, 130, 509 N.Y.S.2d 530 (1st Dep't 1986). The determination of the Corporation Counsel not to represent an employee "may be set aside only if it lacks a factual basis, and, in that sense, is arbitrary and capricious." *Williams,* 64 N.Y.2d at 801, 486 N.Y.S.2d 918, 476 N.E.2d 317.

██ If the City declines to represent an employee, the employee may bring an action for indemnification pursuant to GML § 50-k(3), which states:

> The City shall indemnify and save harmless its employees in the amount of any judgment obtained against such employees ... provided that the act or omission from which judgment or settlement arose occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged damages were sustained; the duty to indemnify and save harmless ... shall not arise where the injury or damages resulted from intentional wrongdoing or recklessness on the part of the employee.

The City argues that an Article 78 proceeding is the exclusive forum in which to litigate a claim for indemnification. However, the City provides no support for this proposition. In fact, neither the statute nor the case law dictates this conclusion.

While two courts have mentioned this issue, both declined to decide it. In *Mercurio v. City of New York,* 592 F.Supp. 1243 (E.D.N.Y.1984), *aff'd,* 758 F.2d 862 (2d Cir. 1985), the court found that even if Article 78 were not the only means by which such a challenge could be raised, the City employees in that case were not entitled to indemnification. In *Kelly v. City of New York,* 692 F.Supp. 303, 306–08 (S.D.N.Y.1988), the court concluded that the city employee had acted outside the scope of his employment and therefore was not entitled to representation by the City. However, this Court similarly refused to decide whether Article 78 is the exclusive means of challenging the Corporation Counsel's decision to decline representation.

The City's position is untenable. GML § 50–k is silent with respect to the means by which a City employee may challenge a denial of indemnification.[1] No rule of statutory construction allows the court to rewrite a statute to add limitations that are found neither in the plain language of the statute nor in any legislative history. A city employee may pursue a claim for indemnification by bringing an action in any court that has jurisdiction to hear the claim.

*2. Supplemental Jurisdiction is Appropriate*

██ It is within the Court's discretion to exercise supplemental jurisdiction over state claims where the state and federal claims derive from a common nucleus of operative facts. *See Promisel v. First American Artificial Flowers,* 943 F.2d 251 (2d Cir.1991), *cert. denied,* 502 U.S. 1060, 112 S.Ct. 939, 117 L.Ed.2d 110 (1992). Courts commonly exercise this discretion in favor of supplemental jurisdiction if "considerations of judicial economy, convenience and fairness to litigants weigh in favor of hearing the claims at the same time." *Id.* at 254–55.

██ The third-party defendants argue that deciding whether the defendants were acting within the "scope of their employment" and whether they were acting under "color of law" in the same action would unduly prejudice the City. *See Pitt v. City of New York,* 82 Civ. 3349, 1984 WL 1323, at *6 (S.D.N.Y. Dec. 10, 1984) (attempting to distinguish two similar but different inquiries

---

1. In addition, the City relies on the contrast between the language of sections 17 and 18 of the Public Officers Law and section 50–k of the GML. The former sections, which apply to claims by state and city officers or employees, expressly state that a challenge to representation of multiple employees by a single counsel may be made by an "appropriate motion or by special proceeding." However, sections 17 and 18 of the Public Officers Law are inapposite. These statutes provide no guidance because the language relates solely to the limited situations where there are multiple representation and cost of litigation problems. Sections 17 and 18 are otherwise silent as to challenging a determination with respect to indemnification.

for imposing liability on different parties would unduly prejudice the City's rights).

Here, the state and federal claims arise from the same nucleus of operative facts—the facts surrounding defendants' alleged assault of John Harris. Federal courts have exercised supplemental jurisdiction over claims for indemnification when these claims were "tightly interwoven with federal law issues the lawsuit presents." *Turk v. McCarthy*, 661 F.Supp. 1526, 1536 (E.D.N.Y. 1987); *see also Mercurio v. City of New York*, 758 F.2d 862, 865 (2d Cir.1985) (determining that supplemental jurisdiction over the cross-claim for indemnification was rightly retained). Judicial economy dictates trying the issues in the same court and to the same jury. Careful instructions to the jury will minimize any possible confusion.

B. *Ripeness of the Indemnification Claim*

■ Claims for indemnification do not generally ripen until a judgment in the underlying action is paid. *See McDermott v. City of New York*, 50 N.Y.2d 211, 428 N.Y.S.2d 643, 406 N.E.2d 460 (1980); *Pitt v. City of New York*, 1984 WL 1323 at *6. However, courts have created a broad exception to this rule:

> [w]here indemnification is asserted in a third-party action ... for the sake of fairness and judicial economy, the CPLR allows third-party actions to be commenced in certain circumstances before they are technically ripe, so that all parties may establish their rights and liabilities in one action.

*Mars Assoc. v. New York City Educ. Const. Fund.*, 126 A.D.2d 178, 191 (1st Dep't 1987) (quoting *Burgundy Basin Inn v. Watkins Glen Grand Prix Corp.*, 51 A.D.2d 140, 146, 379 N.Y.S.2d 873 (4th Dept.1976)). This case falls comfortably within the exception. Minutella's third-party action may proceed so that the court may determine the liabilities of all parties in a single action.

II. *Severance Claim*

■ The City requests a severance of the indemnification claim. "The decision to separate claims and bifurcate a trial rests firmly within the discretion of the trial court."

*Simpson v. Pittsburgh Corning Corp.*, 901 F.2d 277 (2d Cir.), *cert. dismissed*, 497 U.S. 1057, 111 S.Ct. 27, 111 L.Ed.2d 840 (1990). The City's request for a severance is denied. However, the trial will be bifurcated. Only if the jury decides in favor of the plaintiff will the jury be given the defendant's claim against the City.

## CONCLUSION

For the reasons stated above, the third-party defendants' motions are denied.

SO ORDERED.