Matter of Soudani v County of Orange

2026 NY Slip Op 01972

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Martin Soudani, etc., appellant,

v

County of Orange, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2025-11394, (Index No. 5975/25)

Hector D. Lasalle, P.J.

Linda Christopher

Carl J. Landicino

James P. Mccormack, JJ.

Lewis Baach Kaufmann Middlemiss PLLC, New York, NY (Arthur D. Middlemiss, Marc Frazier Scholl, and Seung Heon Lee of counsel), for appellant.

Richard B. Golden, County Attorney, Goshen, NY (Carol C. Pierce of counsel), for respondents.

[*1]

DECISION & ORDER

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Steven M. Neuhaus dated June 16, 2025, determining that the estate of Stewart Rosenwasser is not entitled to defense or indemnification in an action entitled Soudani v County of Orange, pending in the United States District Court for the Southern District of New York, under Case No. 25-CV-4320, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Orange County (Sherri L. Eisenpress, J.), dated September 16, 2025. The order and judgment, in effect, granted the respondents' motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition, denied the petition, and dismissed the proceeding.

ORDERED that the order and judgment is affirmed, with costs.

In September 2024, a federal grand jury indicted Stewart Rosenwasser and Mout'z Soudani (hereinafter Mout'z) on charges, among other things, of bribery and conspiracy to commit bribery, based on allegations that Rosenwasser, while employed as a prosecutor with the Orange County District Attorney's Office (hereinafter the OCDA), had accepted at least $63,000 in payments from Mout'z in exchange for using Rosenwasser's position with the OCDA, inter alia, to investigate and prosecute Mout'z's sister, Eman Soudani (hereinafter Eman), and her son, Martin Soudani (hereinafter the petitioner, and together with Eman, the claimants), for allegedly stealing money from Mout'z (hereinafter the federal indictment). Rosenwasser died before he was arrested on the charges.

In May 2025, the claimants commenced a federal action against, among others, the County of Orange, the OCDA, and "John Doe," as the administrator of the estate of Rosenwasser (hereinafter the Estate), among other things, to recover damages for civil rights violations pursuant to 42 USC § 1983. Subsequently, the petitioner was appointed as the temporary limited administrator of the Estate.

Thereafter, the petitioner requested that the County defend and indemnify the Estate in the federal action in accordance with Local Law No. 3 of 1998 of the County (hereinafter Local Law 3). In a determination dated June 16, 2025, the County Executive, Steven M. Neuhaus, upon [*2]the advice of the County Attorney, determined that the Estate was not entitled to defense and indemnification in the federal action because the acts alleged therein and in the federal indictment were not within the scope of Rosenwasser's public employment or duties.

Subsequently, the petitioner commenced this CPLR article 78 proceeding against the County and Neuhaus to review Neuhaus's determination. The respondents moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition. In an order and judgment dated September 16, 2025, the Supreme Court, in effect, granted the respondents' motion, denied the petition, and dismissed the proceeding. The petitioner appeals.

As relevant herein, Local Law 3 provides that the County "shall provide for the defense of [a County] employee in any civil action or proceeding in any state or federal court . . . arising out of any alleged act or omission which occurred or is alleged to have occurred while the employee was acting within the scope of his or her public employment or duties" (Local Law 3 § 4[1]). The issue of whether such an employee's act was "committed within the scope of his [or her] public employment and the discharge of his [or her] duties raises factual questions" (Matter of Williams v New York, 64 NY2d 800, 802). Under Local Law 3, the determination as to whether a County employee was so acting and, thus is entitled to defense and indemnification, is to be made in the first instance by the County Executive for executive branch employees, such as Rosenwasser, and such a "determination may be set aside only if it lacks a factual basis, and in that sense, is arbitrary and capricious" (Matter of Williams v New York, 64 NY2d at 802; see Matter of DiLeonardo v Nassau County Police Officer Indem. Bd., 148 AD3d 701, 702).

Here, Neuhaus's determination that Rosenwasser was not acting within the scope of his employment or duties with the OCDA in connection with the conduct alleged in the federal action and, thus that the Estate was not entitled to defense and indemnification therein, had a factual basis and was not arbitrary and capricious (see Matter of DiLeonardo v Nassau County Police Officer Indem. Bd., 148 AD3d at 702). In particular, Neuhaus rationally based his determination on the allegations of the complaint in the federal action and in the underlying federal indictment demonstrating that Rosenwasser's actions in investigating and prosecuting Eman and the petitioner were not undertaken as part of Rosenwasser's normal duties as an OCDA prosecutor but rather were undertaken in connection with an illegal bribery scheme carried out with his friend, Mout'z, purely for personal purposes, and which was actively concealed from the OCDA (see id.; Stavitz v New York, 98 AD2d 529, 531).

The petitioner's remaining contentions are without merit.

LASALLE, P.J., CHRISTOPHER, LANDICINO and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court