■ In the Matter of FRANK BOLUSI, Appellant, v CITY OF NEW YORK et al., Respondents. [671 NYS2d 478] —Judgment, Supreme Court, New York County (Jane Solomon, J.), entered January 28, 1997, which denied petitioner police officer's application pursuant to CPLR article 78 to compel respondents to defend and indemnify him in an underlying civil action, dismissed with prejudice so much of the petition as seeks a defense, and dismissed without prejudice so much of the petition as seeks indemnification, unanimously affirmed, without costs.

We reject petitioner's argument that respondent Corporation Counsel has no authority to make a determination, separate and apart and in the absence of any determination by petitioner's employer, the Police Department, that petitioner had violated certain Police Department rules and regulations, and is therefore not entitled to a defense by the Corporation Counsel, under General Municipal Law § 50-k (2), in the civil action brought against him for allegedly having failed to intervene in an assault against the plaintiff therein by petitioner's partner (see, Matter of Williams v City of New York, 64 NY2d 800; Blood v Board of Educ., 121 AD2d 128, 130). Recognizing such authority, the Corporation Counsel's determination that petitioner did not testify truthfully at the criminal trial of his partner, and is therefore not entitled to a defense in this action, has ample support in the transcript of the criminal trial. We also agree with the IAS Court that so much of the petition as seeks indemnification is premature until a judgment is entered or settlement reached in the underlying action (General Municipal Law § 50-k [3]), and should be dismissed without prejudice. Concur—Sullivan, J. P., Milonas, Williams, Mazzarelli and Saxe, JJ.