OPINION OF THE COURT
W. Patrick Falvey, J.
The court notes that the matter at bar presents a unique *157 question within the framework of the facts presented especially since there is little case law in support of either party’s position.
The petitioner commenced this CPLR article 78 proceeding asserting that pursuant to Education Law § 3028 the respondent School District should reimburse her for legal fees incurred in defending herself in Dundee Village Court on a charge of harassment in the second degree, in violation of Penal Law § 240.26, as a result of disciplinary action taken against one of her sixth-grade music class students.
Section 3028 of the Education Law provides, in part, as follows: “each board of education * * * shall provide an attorney or attorneys for, and pay such attorney’s fees and expenses necessarily incurred in the defense of a teacher * * * in any civil or criminal action or proceeding arising out of disciplinary action taken against any pupil of the district while in the discharge of his duties within the scope of his employment”.
The underlying incident involved a student playing loudly on a piano in the classroom, despite the petitioner’s instruction to stop. Thereafter, the petitioner, in viewing the facts in a light most favorable to her, “grazed” the side of the student’s face. It is noted that supporting affidavits from other students in the class indicate that the petitioner “slapped” the student across his face.
The respondent School District denied petitioner’s request for the provision of a defense to the criminal charge, stating that the petitioner’s use of corporal punishment was not in the scope of her employment. The respondent cited as authority for said denial the Rules of the Board of Regents, to wit, 8 NYCRR 19.5 which prohibits the use of corporal punishment by school personnel. The petitioner then retained private counsel and the charge was adjourned in contemplation of dismissal pursuant to CPL 170.55.
Education Law § 3028 was enacted in 1960, while 8 NYCRR 19.5 was not enacted until 1985. However, despite the enactment of the regulation prohibiting the use of corporal punishment, there has been no change or abolishment of the language in Education Law § 3028. In fact, the legislative memorandum in support of section 3028 noted its purpose was to provide a legal defense for a teacher, in instances where claims of excessive force or assault in disciplining a child are made while the teacher was acting in the discharge of (her) duties within the scope of (her) employment.
*158 Thus, the issue at bar is whether or not the petitioner’s actions fall within the scope of her employment, thereby mandating the respondent to reimburse her for the costs of her legal defense.
The respondent argues that because the petitioner was in violation of 8 NYCRR 19.5, she was acting outside the scope of her employment. This argument is not determinative however, as Education Law § 3028 does not provide that representation is excluded if the employee has violated a rule or regulation of the Education Department of the State of New York.
In contrast, compare the limitation imposed by the Legislature under General Municipal Law § 50-k (2), involving civil actions against employees of the City of New York. That statute provides, in part, that a defense shall be provided for an offense or omission “which the corporation counsel finds occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency [emphasis added] at the time the alleged act or omission occurred.”
Furthermore, unlike the authority given corporation counsel under the General Municipal Law, the School District has not been given the authority to determine whether or not the employee is acting within the scope of employment. Instead, the school board’s role “is similar to that of an insurance company which must decide if a defense is owed under its policy” and that “ ‘if the insurer is to be relieved of a duty to defend it is obligated to demonstrate that the allegations of the complaint cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, in toto, are subject to no other interpretation.’” (Mathis v State of New York, 140 Misc 2d 333, 339.) Thus the facts must be so clear-cut that reasonable minds could reach no other conclusion. (Supra, citing Servidone Constr. Corp. v Security Ins. Co., 64 NY2d 419, 424.)
The Court of Appeals, in Riviello v Waldron (47 NY2d 297, 302), has noted that the scope of employment issue is tested by “ ‘ “whether the act was done while the servant was doing his master’s work, no matter how irregularly, or with what disregard of instructions” ’ ”. The Court in Riviello also noted, “Indeed, where the element of general foreseeability exists, even intentional tort [emphasis added] situations have been found to fall within the scope of employment”. (Supra, at 304.)
Clearly, the criteria set forth in the Riviello decision (supra) apply in the case at bar in that the petitioner was working at her normal and customary place of employment, that is, teach *159 ing a sixth-grade music class. The petitioner was a tenured teacher of the School District and discipline of students is a normal and customary part of her employment. And the extent of departure from performing that employment was not a dramatic one, even when adopting the facts as alleged by respondent, to wit: the petitioner “slapped” the child once across the face and the incident ended. Such an act is one that the School District could reasonably anticipate. (Blood v Board of Educ., 121 AD2d 128.)
The case law cited by respondent does not support its denial of a defense for petitioner, in that the acts involved in those cases were all clearly outside the scope of the petitioner’s employment, as none of those acts were in the furtherance of the employer’s business. Compare the petitioner at bar who was disciplining her student, which is clearly in the furtherance of the School District’s business. And the facts presented show that this is not a case where the employee was acting for personal motives unrelated to the furtherance of the employer’s business.
Therefore, under the facts of this particular case, the court finds as a matter of law that the petitioner was in the discharge of her duties as an instructor for the Dundee Central School District and acting within the scope of her employment which entitled her to a defense pursuant to Education Law § 3028.
Accordingly, the respondent is directed to pay petitioner the sum of $619, plus interest from November 12, 1998, the day that petitioner paid her attorney, together with the costs and disbursements of this application.