■ DOLPH TIMMERMAN, Appellant, v BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK et al., Respondents. [856 NYS2d 103]—

Order and judgment (one paper), Supreme Court, New York County (Kibbie F. Payne, J.), entered February 6, 2007, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 seeking to direct respondents to reimburse petitioner the expenses he incurred in defense of criminal charges leveled against him by two of his students, unanimously reversed, on the law, without costs, and the petition granted.

"Judicial review of the propriety of any administrative determination is limited to the grounds invoked by the agency in making its determination" (*Matter of Missionary Sisters of Sacred Heart, Ill. v New York State Div. of Hous. & Community Renewal*, 283 AD2d 284, 288 [2001]). In denying petitioner's request to be reimbursed for attorneys' fees and expenses, respondents merely said that his "criminal proceeding does not fall within the scope of Education Law § 3028." At the agency level—as opposed to their response to the petition—respondents made no pronouncements about the meaning of the phrase "arising out of" in Education Law § 3028. Thus, while deference is appropriate to an agency's "specific application of a broad statutory term" (*Matter of O'Brien v Spitzer*, 7 NY3d 239, 242 [2006] [internal quotation marks and citations omitted]), there was no agency interpretation in the instant case. Accordingly, since the record shows that the criminal proceeding against petitioner clearly arose out of disciplinary actions that he took against pupils, respondents should reimburse petitioner for the attorneys' fees and expenses he incurred in defending himself (*see Matter of Cutler v Poughkeepsie City School Dist.*, 73 AD2d 967 [1980]). Concur—Saxe, J.P., Nardelli, Buckley and Catterson, JJ.