OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed without costs.
Plaintiff, a mathematics coach in a New York City public school, was charged, together with another individual, with attempting to cause the death of, and causing serious physical injury to Wanda Rivera-Switalski, who was the principal of the school in which plaintiff worked. After a trial, plaintiff was acquitted of all charges. Having incurred legal fees substantially in excess of $25,000 in defending against the criminal charges, plaintiff requested reimbursement of $25,000 of those fees from the Legal Defense Reimbursement Fund (the Fund) of defendant New York State United Teachers (NYSUT). Her request was denied upon a finding by defendant’s officers that her case did not arise out of an act or incident which occurred while plaintiff was acting within the scope of her employment; defendant’s secretary-treasurer stated that NYSUT policy “requires that the incident arise out of the employment situation.” After unsuccessfully seeking reconsideration of the denial of benefits, plaintiff commenced the instant action, alleging breach of contract.
Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (7). The motion was supported, inter alia, by a four-page excerpt from the NYSUT Policy Manual relating to the Fund, and by the supporting affidavit of James R. Sandner, general counsel of defendant NYSUT. While conceding that plaintiff was a member of NYSUT, defendant asserted that plaintiff was not entitled to reimbursement of her legal expenses from the Fund because the underlying criminal proceeding did not occur while plaintiff was acting in good faith within the scope of her primary employment duties. Defendant further claimed that the standards and guidelines set forth in the NYSUT Policy Manual did not give rise to an enforceable contract between plaintiff and NYSUT, and that even if an enforceable contract were found to exist, defendant’s officers had properly exercised their discretion in denying benefits to plaintiff. The Civil Court denied defendant’s motion to dismiss, finding that issues of fact existed *77 relating to the interpretation of the NYSUT Policy Manual, and defendant appealed.
The documentation submitted by defendant affirmatively states:
“That upon compliance with the terms and conditions . . . NYSUT will reimburse a member . . . upon complete exoneration of such charges, for reasonable attorneys’ fees and litigation expenses in an amount determined by NYSUT ... in defense of a civil and/or criminal proceeding . . . arising out of an act or incident which occurred . . . while such NYSUT member was acting in good faith within the scope of his or her primary permanent employment or duties.”
The plain language of the NYSUT Policy Manual appears to mandate reimbursement of attorneys’ fees if specified conditions are met; thus, defendant failed to establish that NYSUT members have no enforceable contractual right to reimbursement of legal expenses.
For purposes of deciding a motion to dismiss for failure to state a cause of action, the papers and pleadings submitted in opposition to the motion must be accepted as true, and given every favorable inference (511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152 [2002]). In her opposition papers, plaintiff described a series of incidents in which plaintiff complained about Rivera-Switalski to the local superintendent of schools and to the United Teachers Federation. Plaintiff asserted that as a result of her complaints, Rivera-Switalski was rebuked by her supervisors, and that the criminal charges brought against plaintiff resulted from Rivera-Switalski’s grudge against her, rather than from any criminal conduct by plaintiff. Accepting plaintiffs claims as true for the purposes of the motion to dismiss, the criminal charges against plaintiff would appear to have flowed directly from the workplace relationship between plaintiff and the principal of the school in which she was employed, and to have resulted from grievances plaintiff asserted in good faith. Such conduct, if proved, would constitute a natural and foreseeable incident of plaintiffs work and so would fall within the scope of her employment (see Blood v Board of Educ. of City of N.Y., 121 AD2d 128, 130 [1986]). In these circumstances, the Civil Court correctly concluded that defendant’s motion to dismiss for failure to state a cause of action should be denied.
*78 Contrary to defendant’s contention that established policy against interference with union affairs precluded the Civil Court from second-guessing the determination of defendant’s officers and directors as to the reach of NYSUT coverage, we find that the Civil Court has the authority to rule on a union member’s potential contractual right to indemnification for legal expenses under a union policy providing therefor, as is presented here.
We accordingly affirm the order of the Civil Court.
Pesce, EJ., Golia and Steinhardt, JJ., concur.