OPINION OF THE COURT
Judith J. Gische, J.
Petitioner is a city employee employed as a paraprofessional. Respondents are the New York City Department of Education, its former chancellor and the City of New York (hereinafter respondents sometimes DOE). Petitioner seeks reversal of the respondents’ decision denying her legal representation in con *631 nection with a civil lawsuit commenced against her by the mother of one of her students. The respondents have answered and seek the denial of the petition without the need for a testimonial hearing.
Since a CPLR article 78 proceeding is a special proceeding, it may be summarily determined upon the pleadings, papers, and admissions to the extent that no triable issues of fact are raised (CPLR 409 [b]; 7801, 7804 [h]). Therefore, the court will decide the issues raised on the papers and grant judgment for the prevailing party, unless there is an issue of fact requiring a trial (CPLR 7804 [h]; Matter of York v McGuire, 99 AD2d 1023 [1st Dept 1984], affd 63 NY2d 760 [1984]; Matter of Battaglia v Schuler, 60 AD2d 759 [4th Dept 1977]).
Facts Considered and Arguments Presented
On May 11, 2009, petitioner was a paraprofessional assigned to PS. 94, a school in the Bronx. In an incident that was reported to the Office of Special Investigations, it was alleged that the petitioner, while working with a kindergarten student on a lesson, struck the child on the forehead with the back of her hand because the child was doing the assignment incorrectly and had gotten the answer wrong.
Following the incident an investigation ensued. The allegations were found to be “substantiated” in a report dated May 19, 2009. By correspondence dated May 21, 2009, the principal of PS. 94 notified the petitioner of the investigation’s findings. The letter states that “evidence gathered substantiates the allegation that you did hit [the child] on the head during small group work.” As a result of these findings, petitioner was reassigned with a warning that “[o]ur students are our most precious resource and must be respected and protected at all times. Under no circumstances is it acceptable to hit a student.” Thereafter, the child’s mother filed a civil action against the City, the New York City Board of Education and Ms. Thomas in the Bronx (index No. 350220/10 [civil action]). Petitioner requested legal representation in the civil action and Corporation Counsel responded to her request by letter dated October 14, 2010 stating that it could not provide legal representation after conducting its review “pursuant to Section 50-k of the General Municipal Law.”
Respondents have answered the petition and provide further clarification of what the letter meant and why they denied legal representation. They contend that they properly denied *632 petitioner a defense because General Municipal Law § 50-k and Education Law § 2560 govern the situation at bar and, according to respondents, the action petitioner took — corporal punishment — was not within the scope of her duties as a New York City school paraprofessional and it violated the rules and regulations of the DOE.
The parties’ disagreement focuses on the both aforecited sections of law as well as Education Law § 3028. The parties also disagree about whether certain trial court decisions apply (as petitioner claims) or have been incorrectly decided (as respondents contend). Initially, respondents sought a stay of this proceeding pending decisions in the appeals of two legal representation cases (Matter of Zampieron v Board of Educ. of the City School Dist. of the City of N.Y., 30 Misc 3d 1210[A], 2010 NY Slip Op 52338[U] [Sup Ct, NY County 2010]; Morel v Board of Educ., 2010 NY Slip Op 32079[U] [Sup Ct, NY County 2010]). Respondents withdrew that application pursuant to the so-ordered stipulation of the parties dated May 26, 2011. These and other cases are examined later in this decision in the discussion section below.
Education Law § 2560 (1) provides, in relevant part, as follows:
“Notwithstanding any inconsistent provision of law, general, special or local, or the limitation contained in the provisions of any city charter, any duly appointed member of the board of education in a city having a population of one million or more, the members of each community school board in such city, the teaching or supervising staff, officer, or employee of such board and of each such community school board, member of a committee on special education or subcommittee thereof or authorized participant in the school volunteer program in such city shall be entitled to legal representation and indemnification pursuant to the provisions of, and subject to the conditions, procedures and limitations contained in [General Municipal Law § 50 k] . . . .”
General Municipal Law § 50-k (2) provides, in relevant part, as follows:
“[T]he city shall provide for the defense of an employee of any agency in any civil action or proceeding . . . arising out of any alleged act or omission which the corporation counsel finds occurred while the employee was acting within the scope of his pub- *633 lie employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred.”
General Municipal Law § 50-k (3) provides, in pertinent part, as follows:
“The city shall indemnify and save harmless its employees in the amount of any judgment obtained against such employees . . . , or in the amount of any settlement of a claim . . . provided that the act or omission from which such judgment or settlement arose occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged damages were substained.”
Education Law § 3028 provides the following, in pertinent part:
“Notwithstanding any inconsistent provision of any general, special or local law, or the limitations contained in the provisions of any city charter, each board of education, trustee or trustees in the state shall provide an attorney or attorneys for, and pay such attorney’s fees and expenses necessarily incurred in the defense of a teacher, member of a supervisory or administrative staff or employee, or authorized participant in a school volunteer program in any civil or [criminal] action or proceeding arising out of disciplinary action taken against any pupil of the district while in the discharge of his duties within the scope of his employment or authorized volunteer duties.”
Petitioner contends that she is entitled to a defense by the Corporation Counsel because she did not strike the child, the incident is alleged to have occurred during a lesson and, therefore, the act allegedly took place “while [she] was acting within the scope of [her] public employment and in the discharge of [her] duties,” as General Municipal Law § 50-k (2) provides. She argues that Education Law § 3028, not Education Law § 2560, is controlling.
Respondents, on the other hand, deny that Education Law § 3028 is applicable. They argue that Education Law § 2560 supercedes Education Law § 3028 because section 2560 is a specific statute, applicable to schools in a “city having a population of *634 one million or more” (which New York City has) and when Education Law § 2560 was amended in 1979 it was to make sure there were consistent standards for, and conditions of, indemnification for all New York City employees.
Alternatively, respondents argue that even if Education Law § 2560 did not supercede section 3028, Education Law § 3028 is inapplicable to the facts of this case because the civil action against petitioner did not arise out of some legitimate disciplinary action taken by her against a student. They argue that petitioner hit the child because he got the wrong answer and, therefore, her action (corporal punishment) is prohibited by DOE’s regulations. Thus, respondents distinguish the present situation where the teacher is behaving in a rogue manner from those in which a teaching is dutifully and properly carrying out his or her duties within the scope of his or her employment.
Respondents point out that under General Municipal Law § 50-k, the Corporation Counsel has the right in the first instance to determine whether the alleged act or omission “occurred while the employee was acting within the scope of his public employment and in the discharge of his duties” and whether the act was in “violation of any rule or regulation of his agency.” (General Municipal Law § 50-k [2], [3].) Thus, respondents argue that Corporation Counsel had a sufficient factual basis for its determination that petitioner was not entitled to legal representation because she had violated DOE’s regulation forbidding corporal punishment.
Finally, respondents argue that petitioner did not satisfy statutory preconditions to filing this summary proceeding because she did not provide DOE with a notice of claim. For this argument they rely on the requirements of General Municipal Law § 50-k (6) which proscribes the institution of any proceeding under section 50-k, “unless notice of claim shall have been made and served upon the city in compliance with section [50-i].” This section of the law is entitled, “Presentation of tort claims; commencement of actions.” (General Municipal Law § 50-i.)
Another disagreement between the parties is whether petitioner is entitled to reimbursement of her legal fees because Corporation Counsel has declined to provide her with legal representation. Petitioner claims that if she has not violated any rule or regulation, then by not providing her legal representation, respondents have violated General Municipal Law § 50-k.
*635 Discussion
In an article 78 proceeding, the applicable standard of review is whether the administrative decision being challenged has a rational basis (CPLR 7803 [3]). Thus, where it is alleged the decision was arbitrary and capricious, or without a rational basis, the petitioner must set forth facts that establish it is “without sound basis in reason” {Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]; Matter of Colton v Berman, 21 NY2d 322 [1967]). The court cannot and must not disturb such a decision, even if it would have arrived at a different decision itself. For the reasons that follow, the court finds that petitioner has failed to establish that the determination by respondents, denying her legal representation and reimbursement of legal fees, is either arbitrary or capricious.
The law in this area (legal representation for a school employee) is unsettled. Some trial courts have held that Education Law § 3028 is controlling and that the only ground upon which legal representation can be refused by respondents is if the alleged conduct was not within the scope of petitioner’s employment {Morel v City of New York, 2010 NY Slip Op 32079[U] [Sup Ct, NY County 2010]; Matter of Inglis v Dundee Cent. School Dist. Bd. of Educ., 180 Misc 2d 156 [Sup Ct, Yates County 1999]; Sagal-Cotler v Board of Educ., Sup Ct, NY County 2011, index No. 104406/10).
Other courts have, however, decided that Education Law § 2560 is a specific statute governing a petitioner’s right to legal representation by the respondents {Matter of Zampieron v Board of Educ. of the City School Dist. of the City of N.Y., 30 Misc 3d 1210[A], 2010 NY Slip Op 52338[U] [Sup Ct, NY County 2010] [Zampieron]), holding that if the Corporation Counsel makes a rationally based determination that petitioner’s conduct violated DOE’s rules and regulations, then respondents’ decision denying legal representation cannot be disturbed (also Martin v Board of Educ. of the City of N.Y., 2011 NY Slip Op 30983[U] [Sup Ct, NY County 2011] [Martin]). For the reasons that follow, this court agrees with the analysis set forth in the decisions of Zampieron and Martin and the court holds that petitioner failed to meet her burden of showing the respondents’ decision is without a rational basis.
Upon initial examination, it appears that Education Law §§ 3028 and 2560 (which incorporates General Municipal Law § 50-k [2] by reference) are inconsistent. However, upon closer *636 inspection, it is apparent that Education Law § 2560 is more specific than section 3028 and the two sections of the law can be harmonized.
Whereas section 3028 is a general statute, Education Law § 2560 specifically applies to New York City schools. Furthermore, even if the two statutes cannot be harmonized, under rules of statutory construction the later, more specific statute takes precedence over the preexisting and irreconcilably conflicting provision (see Zampieron, 30 Misc 3d 1210[A], 2010 NY Slip Op 52338[U] [2010] [and cases cited therein]). The legislative history provided by respondents supports their arguments that the amendments to Education Law § 2560 were to insure that all city employees were indemnified against civil liabilities incurred as a result of proper performance of their duties on the job (see Bill Jacket, L 1979, ch 673). Consequently, a New York City DOE employee who is sued is entitled to a legal defense
“in any civil action or proceeding . . . arising out of any alleged act or omission which the corporation counsel finds occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of [his or her] agency at the time the alleged act or omission occurred” (General Municipal Law § 50-k [2] [emphasis added]).
Therefore, under Education Law § 2560, there are conditions that must be met before a petitioner is eligible for legal defense by the Corporation Counsel.
Although petitioner easily meets “the within the scope of [his or her] public employment” requirement because she was in a class working with a student when the incident occurred, petitioner fails in meeting the other requirements. According to the child and an eyewitness, petitioner struck the child because he got the wrong answer on a lesson. Not only was the action alleged — hitting the child — not undertaken in the discharge or furtherance of her duties as a school employee, corporal punishment by a school employee violates specific regulations (8 NYCRR 19.5 [a] [2]; NY City Dept of Education, Chancellor’s Regulations No. A-420). Consequently, while Education Law § 2560 may provide school employees in a city having a population of one million or more the right to legal defense where an action arises out of disciplinary action taken by the employee against a student while discharging his or her duties within the scope of his employment, it is up to the Corporation Counsel to *637 make the initial determination whether these requirements are satisfied (General Municipal Law § 50-k [2]; Perez v City of New York, 43 AD3d 712 [1st Dept 2007]). The Corporation Counsel’s determination on behalf of the respondents is not subject to attack unless it is arbitrary and capricious and without a rational basis.
Although petitioner contends the decisions in Zampieron (and Martin) are inconsistent with the decision in Timmerman v Board of Educ. of City School Dist. of City of N.Y. (50 AD3d 592 [1st Dept 2008]), this argument fails. In Timmerman, the Appellate Division, First Department, ordered DOE to reimburse petitioner for the attorneys’ fees and expenses he incurred in defending himself against criminal charges. The charges arose, however, from disciplinary action he undertook against three disruptive students. When the students did not curb their behavior, Timmerman called one of the girl’s parents. A few days later, two of the students reported that Timmerman had “touched” them in a sexual manner and he was arrested on the strength of those claims. The First Department observed that the charges which were dropped were directly tied to his actions as a teacher trying to keep control and discipline in his class. In this case there is no suggestion that the child involved (age six) reported he was hit on the head to get back at petitioner for having taken some disciplinary action against him. The act of hitting the child on the head is simply an act of corporal punishment which is not tolerated except for in the most extreme and dire of circumstances not present on the day of the alleged incident. Following an investigation, the petitioner’s actions were reported as “substantiated” and she was disciplined by reassignment and having a letter put into her employment file.
The decision by respondents to deny petitioner legal representation is firmly supported by the record which includes the incident report and the report following the investigation, each identifying the incident of corporal punishment with specificity. The respondents’ decision to deny her legal representation has a rational basis. Therefore, the petition, insofar as it seeks judgment directing respondents to provide her with legal representation, is denied.
Petitioner also seeks reimbursement for the legal fees she has incurred because she is a “modestly paid public servant.” Pursuant to General Municipal Law § 50-k (2), the initial determination as to whether an employee was acting within the scope of his or her employment rests solely with the Corporation *638 Counsel {Blood v Board of Educ. of City of N.Y., 121 AD2d 128, 130 [1st Dept 1986]). This is to protect “fallible public employees from the potentially ruinous legal consequences” of “unintentional lapses in the daily discharge of their duties” {Blood v Board of Educ. of City of N.Y. at 132).
General Municipal Law § 50-k (2) does not provide for private recovery of legal fees if the petitioner is not represented by Corporation Counsel. However, General Municipal Law § 50-k (5) does provide that if the court proceeding against the employee is also
“the basis of a disciplinary proceeding by the employee’s agency against the employee, [then] representation by the corporation counsel and indemnification by the city may be withheld (a) until such disciplinary proceeding has been resolved and (b) unless the resolution of the disciplinary proceeding exonerated the employee as to such act or omission.”
In the case at bar, there is no unresolved disciplinary proceeding against petitioner. The allegations against her have been substantiated and she has been disciplined. She is not now, nor will she be in the future, eligible to recover the legal fees she has incurred in obtaining private legal counsel to defend against the civil action, even if it is dismissed against her because her employer, the City, has determined her actions were not within the scope of her employment {see Ostrin v City of New York, 2007 NY Slip Op 33819[U] [Sup Ct, NY County 2007]). Therefore, this branch of her petition is denied as well.
Although respondents have raised an issue that petitioner did not comply with the notice requirements of General Municipal Law § 50-i, they have not shown that this section, pertaining to “[presentation of tort claims” has any applicability to this article 78 summary proceeding. Therefore, respondents’ claimed lack of notice is not a basis to deny this petition.
Conclusion
In accordance with the foregoing, it is hereby ordered, decreed and adjudged that the petition for a judgment (1) declaring that respondents’ denial of legal representation and indemnification of expenses she incurred in defense of a civil proceeding was arbitrary, capricious and contrary to law and an abuse of discretion; and (2) directing that respondents provide her with legal *639 representation in the civil proceeding is denied in its entirety and this proceeding is dismissed.