Order and judgment (one paper), Supreme Court, New York County (Carol E. Huff, J.), entered October 7, 2010, which, among other things, granted the petition seeking a judgment declaring that respondents’ denial of legal representation and indemnification of expenses petitioner incurred in defense of a civil action was arbitrary and capricious and contrary to law, and directed respondents to provide petitioner with legal representation and reimburse her for all reasonable legal fees incurred in defense of the action, reversed, on the law, without costs, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed.
Contrary to Supreme Court’s determination and the dissent’s position, Education Law § 2560, which incorporates by reference General Municipal Law § 50-k, and Education Law § 3028 are not irreconcilable, but rather can and should be read together and “applied harmoniously and consistently” (Alweis v Evans, 69 NY2d 199, 204 [1987]). “It is the duty of the courts to so construe two statutes that they will be in harmony, if that can be done without violating the established canons of statutory interpretation” (McKinney’s Cons Laws of NY, Book 1, Statutes § 398, Comment).
It is a fundamental rule of statutory construction that a court, “in interpreting a statute, should attempt to effectuate the intent of the Legislature” (Patrolmen’s Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d 205, 208 [1976]). The plain meaning of the statutory language is “ ‘the clearest indicator of legislative intent’ ” (Matter of Smith v Donovan, 61 AD3d 505, 508 [2009], lv denied 13 NY3d 712 [2009], quoting Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]).
Both Education Law §§ 3028 and 2560 provide for the legal representation and indemnification of board of education employees. However, they each set forth different circumstances under which such representation and indemnification are to be provided.
*410 Education Law § 3028 provides entitlement to representation and indemnification for any civil or criminal suit filed against a board of education employee “arising out of disciplinary action” that the employee has taken against a student “while in the discharge of his [or her] duties within the scope of his [or her] employment.”
Education Law § 2560 (1), as amended in 1979, provides for representation and indemnification for board of education employees in a city having a population of one million or more “pursuant to the provisions of, and subject to the conditions, procedures and limitations contained in section fifty-k of the general municipal law.”
General Municipal Law § 50-k (2) and (3) provide a uniform standard for legal representation and indemnification of employees of the City of New York. Such representation and indemnification shall be provided for acts or omissions that the Corporation Counsel determines “occurred while the employee was acting within the scope of his [or her] public employment and in the discharge of his [or her] duties and was not in violation of any rule or regulation of his [or her] agency at the time the alleged act or omission occurred.”
When read together, it is clear that, pursuant to Education Law § 3028, a board of education must provide legal representation and pay attorney’s fees and expenses incurred in the defense of an employee in any action arising out of a disciplinary action taken against a student by an employee while acting in the scope of his or her employment and in the discharge of his or her duties, unless, pursuant to Education Law § 2560 (1), the employee is a member of a board of education in a city having a population of one million or more, and, pursuant to General Municipal Law § 50-k, he or she violated any rule or regulation of the agency (see Thomas v New York City Dept. of Educ., 96 AD3d 401 [2012] [decided simultaneously herewith]; Matter of Zampieron v Board of Educ. of the City School Dist. of the City of N.Y., 30 Misc 3d 1210[A], 2010 NY Slip Op 52338[U], *8 [2010]).
Here, because petitioner was a paraprofessional employed by respondent Board of Education of the City of New York (now known as New York City Department of Education [DOE]), Education Law § 2560 (1) applies. Therefore, in order to obtain legal representation and indemnification pursuant to the statute, petitioner must meet three requirements: (1) she must be acting in the scope of her employment, (2) in the discharge of her duties, and (3) not be in violation of any rule or regulation of the DOE. Here, petitioner’s admitted act of hitting a student *411 in the face when he refused to accompany her to the school cafeteria violated a DOE regulation (NY City Dept of Educ, Chancellor’s Regulation A-420) as well as a statewide rule prohibiting corporal punishment (see 8 NYCRR 19.5 [a] [1]), and therefore was not undertaken in the discharge of her duties, whether as an act of discipline or otherwise (cf. Blood v Board of Educ. of City of N.Y., 121 AD2d 128 [1986]). Indeed, petitioner admitted in a letter that she “lost it” and hit the student, for which she received a 10-day suspension without pay.
The dissent’s reliance on our decision in Blood v Board of Educ. of City of N.Y. (121 AD2d 128 [1986], supra) to support its contention that petitioner was acting within the discharge of her duties is misplaced. The facts here present a far different situation from Blood, where a teacher, who had become angry at a student, grabbed and carelessly swung the child’s book bag and accidentally struck another student in the eye. Notably, in Blood, the teacher’s conduct in striking the other student was clearly accidental, and no disciplinary action was taken as a result of the incident (121 AD2d at 131, 133). Here, the striking was intentional and petitioner was disciplined.
Since these statutes are not irreconcilable and can easily be read in harmony in order to effectuate the Legislature’s intent, we need not address the issue as to which statute is the more specific one and, hence, controlling.
Based upon the foregoing, it cannot be said that the decision of the Corporation Counsel in denying representation to petitioner was erroneous. In an article 78 proceeding, the proper standard of judicial review is “whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion” (CPLR 7803 [3]; Matter of DeFoe Corp. v New York City Dept. of Transp., 87 NY2d 754, 760 [1996]). Arbitrary and capricious action is that taken “without sound basis in reason and is generally taken without regard to the facts” (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]).
The Corporation Counsel is empowered by General Municipal Law § 50-k (2) to make factual determinations in the first instance as to whether a petitioner violated any agency rule or regulation, which “determination may be set aside only if it lacks a factual basis, and in that sense, is arbitrary and capricious” (Matter of Williams v City of New York, 64 NY2d 800, 802 [1985]). Significantly, petitioner here admitted that she struck the student in question and was disciplined for her ac *412 tions on the basis that she violated the two aforesaid regulations addressing corporal punishment.
Accordingly, the petition should not have been granted, as respondents’ determination had a rational basis in the record and was not arbitrary and capricious or contrary to law (see Perez v City of New York, 43 AD3d 712, 713 [2007], lv denied 10 NY3d 711 [2008]). Concur — Andrias, J.P., Sweeny and Manzanet-Daniels, JJ.
Moskowitz and Freedman, JJ., dissent in a memorandum by Freedman, J., as follows: For the reasons set forth below, I respectfully dissent and would affirm Supreme Court’s judgment and order, which granted the petition and directed respondents to provide petitioner with legal representation in connection with her defense in a civil lawsuit, and also directed them to reimburse petitioner for the fees and expenses for the private attorneys she retained after respondents denied her a defense.
This proceeding arises from an incident on December 22, 2008 at a Brooklyn public school serving special needs students. Petitioner Sagal-Cotler, a paraprofessional at the school, was escorting a class of students to the school cafeteria on the first floor. The party entered a crowded elevator in which, according to petitioner, “everyone was talking loudly.” One of petitioner’s students then began singing aloud. When the elevator reached the first floor, petitioner asked the singer to exit from the elevator and accompany her to the cafeteria, but the student ignored her. Petitioner twice more asked the student to come with her, but he again failed to pay her any attention. Petitioner then “yelled his name and slapped him across the face.”
Thereafter, an allegation of corporal punishment was lodged against petitioner. In January 2009, when the school’s principal, petitioner, and her union representative met to discuss the matter, petitioner admitted that she had “lost it” on the elevator and slapped the student, and also submitted a written statement that she was “truly sorry” and that “it will never happen again.” As a result, the principal suspended petitioner without pay for 10 days, reassigned her, and directed her to attend “therapeutic crisis intervention” classes and an anger management workshop.
In July 2009, the student that petitioner had slapped and his mother brought a civil action in Supreme Court, Kings County against petitioner and respondents New York City and the City Board of Education. Seeking both compensatory and punitive *413 damages, the plaintiffs allege that the incident caused the student “great pain, shock and mental anguish.”*
In October 2009, petitioner filed a request that respondents provide her legal representation in connection with the lawsuit, but in a December 2009 letter the City’s Law Department denied the request “[p]ursuant to Section 50-k of the General Municipal Law.” Thereafter, petitioner retained private legal counsel to defend her in the civil action.
In April 2010, petitioner commenced this article 78 proceeding in which she seeks an order directing respondents to provide her with legal representation and reimburse her for the private attorney’s fees and expenses. Supreme Court granted the petition on the ground that, in denying petitioner’s request, respondents had arbitrarily and capriciously misapplied the relevant provisions of the Education Law and General Municipal Law.
Supreme Court found that petitioner is entitled to relief pursuant to Education Law § 3028, which provides that “[n]otwithstanding any inconsistent provision of any general, special or local law,” each New York state school district shall provide legal counsel for, and pay counsel’s fees and expenses incurred in, defending an employee of the district’s schools in a civil action “arising out of disciplinary action taken against any pupil of the district” while the employee is discharging his duties “within the scope of his employment.”
Respondents contend that Education Law § 3028 is inapplicable here and argue that another statute, Education Law § 2560 (1), controls. Section 2560 (1) provides that “[notwithstanding any inconsistent provision of law, general, special or local,” an employee of a school board “in a city having a population of one million or more” is “entitled to legal representation and indemnification pursuant to the provisions of, and subject to the conditions, procedures and limitations contained in [General Municipal Law § 50-k].” General Municipal Law § 50-k (2), which Education Law § 2560 (1) incorporates by reference, requires the City of New York to defend its employees in civil actions arising from “any alleged act or omission which the corporation counsel finds occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency.”
According to respondents, Education Law § 2560 (1) permits *414 corporation counsel to refuse to defend petitioner because she allegedly violated regulations that prohibit using corporal punishment to discipline New York City public school students (8 NYCRR 19.5 [a] [2]; NY City Dept of Educ, Chancellor’s Regulation A-420).
Supreme Court properly found that sections 3028 and 2560 of the Education Law are in conflict, and that section 3028 controls pursuant to the principle that “in a conflict between a statute of general applicability and one of special applicability, the special statute controls” (Matter of Board of Mgrs. of Park Place Condominium v Town of Ramapo, 247 AD2d 537, 537 [1998]; see Delaware County Elec. Coop. v Power Auth. of State of N.Y., 96 AD2d 154, 163-164 [1983], affd 62 NY2d 877 [1984]). Education Law § 3028 is more specific because substantively it applies only to claims arising from disciplinary action taken against students, whereas Education Law § 2560 and General Municipal Law § 50-k, as incorporated therein, apply generally to all claims against New York City Board of Education employees that arise from acts within the scope of their employment. I note that other nisi prius courts that have considered the two Education Law provisions in similar circumstances have also found them in conflict and concluded that section 3028 controls (see Morel v City of New York, 2010 NY Slip Op 32079[U] [Sup Ct, NY County 2010]; Matter of Inglis v Dundee Cent. School Dist. Bd. of Educ., 180 Misc 2d 156 [1999]).
The majority does not find sections 3028 and 2560 to be in conflict and instead attempts to harmonize them by construing section 2560 as an exception to the general rule set forth in section 3028. As the majority reads the statutes, a Board of Education must defend an employee in an action that arose from disciplinary action that the employee took against a student in the scope of the employee’s employment (pursuant to section 3028), unless the employee worked for the New York City Board of Education and violated a regulation of that agency (pursuant to section 2560).
I find that the majority’s attempt to harmonize the statutes fails because their plain language renders them irreconcilable. Section 2560 cannot be read as an exception to section 3028 because both statutes apply “[notwithstanding any inconsistent provision of law” and accordingly they are mutually exclusive.
Under the facts set forth here, including petitioner’s acknowledgment that she slapped the unruly and recalcitrant student in an effort to get him to the cafeteria where he was supposed to be, petitioner’s contact with the student obviously constituted *415 disciplinary action taken within the scope of her employment. The majority’s assertion that petitioner was not acting in the discharge of her duties belies common sense (see Blood v Board of Educ. of City of N.Y., 121 AD2d 128 [1986]). In Blood, when a teacher who was angered by a student snatched his book bag from him, the bag struck another student and injured her (121 AD2d at 130-131). Holding that the teacher was entitled to a defense in the ensuing civil lawsuit, this Court found that her actions occurred in the discharge of her duties because “it is not so unusual an occurrence that a teacher loses her temper with her class,” and further recognized that “displays of anger . . . cannot be regarded as other than natural and sometimes necessary incidents of a teacher’s work” (id. at 131).
As in Blood, petitioner’s loss of temper and impulsive action, when faced with a persistently disobedient student in an otherwise stressful situation, clearly occurred in the scope of her work as she was discharging her duty to get the students to the cafeteria. Respondents distinguish Blood on the ground that the teacher in that case did not intend to hit the particular student that was injured, but rather intended to discipline another student. However, that distinction does not negate that the incident here arose from a momentary display of anger arising from petitioner’s discharge of her duty.
Accordingly, I would affirm. [Prior Case History: 2010 NY Slip Op 32657(U).]

 The disparity between the injury typically caused by a single slap to a face and the harm that the plaintiffs allege is striking. •