Knight v City of New York (2020 NY Slip Op 00096)





Knight v City of New York


2020 NY Slip Op 00096


Decided on January 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 7, 2020

Richter, J.P., Gische, Gesmer, Kern, Gonzalez, JJ.


26284/15 10743A 10743

[*1] Julia E. Knight, etc., Plaintiff,
v
City of New York, Defendant-Respondent, New York City Fire Department, et al., Defendants, Call Operator/Dispatcher Tracy Evans-Whitehead, Defendant-Appellant.


Law Office of Erika L. Hartley, Brooklyn (Erika L. Hartley of counsel), for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York (Daniel Matza-Brown of counsel), for respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about April 3, 2018, which granted the application of the Office of Corporation Counsel to withdraw as defendant Tracy Evans-Whitehead's attorney, and denied her cross motion to compel the City of New York to provide her with defense counsel, without prejudice to her seeking article 78 relief unanimously modified, on the law and the facts, to remand for reconsideration of the cross motion in accordance herewith, and otherwise affirmed, without costs. Appeal from order (same court and Justice) entered on or about March 4, 2019, which denied defendant's motion to renew, unanimously dismissed, without costs, as academic in light of the foregoing.
As a City employee, defendant is entitled to a defense under General Municipal Law § 50-k unless Corporation Counsel determines that defendant has violated certain agency rules and regulations (see Matter of Bolusi v City of New York, 249 AD2d 134 [1st Dept 1998]). Here, the record does not show that the City made a formal determination denying defendant a defense. Instead, on August 31, 2017, Corporation Counsel sent a letter to defendant, stating that it was bringing a motion to be relieved as defendant's attorney in this action. The letter did not specify any agency rule or regulation that the City claimed she had violated (see Matter of Krug v City of Buffalo, —NY3d&mdash, 2019 NY Slip Op 08546, 2019 WL 6312524 [2019] [City's determination notified employee that he had violated City's rules against the use of force]). The letter only stated that there was a conflict prohibiting Corporation Counsel from representing her. The City then proceeded to ask Supreme Court to relieve it from continuing to represent the defendant. Defendant cross-moved to have the court direct the City to provide her with legal representation, even if that be by separately retained private counsel.
Under the circumstances, Supreme Court erred in not considering the merits of the cross motion. Instead, the court limited her to bringing an article 78 proceeding. Although Supreme Court denied the motion without prejudice to commencing an article 78 proceeding in order to challenge Corporation Counsel's "determination" that she is not entitled to its defense in this matter, there was no administrative determination issued by the City or Corporation Counsel that can be reviewed. Defendant is entitled to a determination on the merits of whether her actions exceeded the scope of her employment for purposes of determining whether she is entitled to representation by Corporation Counsel (see Matter of Williams v City of New York, 64 NY2d [*2]800, 802 [1985]; Blood v Board of Educ. of City of N.Y., 121 AD2d 128, 130 [1st Dept 1986]). Since there is no formal agency determination to review, this determination should have been made by Supreme Court. We recognize that in denying the cross motion, without prejudice, Supreme Court did not address the parties' requests to amplify the record. Accordingly, we remand this matter to Supreme Court to determine the cross motion and what, if any, further materials should be submitted by the parties (General Municipal Law § 50-k; see Timmerman v Board of Educ. of City School Dist. of City of N.Y., 50 AD3d 592, 593 [1st Dept 2008]).
Since we are remanding the cross motion for consideration by the Supreme Court, we need not reach defendant's remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 7, 2020
CLERK